RIERA HERMANOS v. IGLESIAS ET AL.

## APPEAL from the District Court of San Juan.

### No. 70.—Decided March 27, 1905.

USURY—USURIOUS INTEREST—CONTRACT VOID.—Any person who for the loan of money or merchandise receives a higher rate of interest than 12 per cent violates the law of March 1, 1902, fixing the legal rate of interest, and the contract is void, although the usurious rate agreed upon does not appear in the document itself.

ID.—PROMISSORY NOTE DECLARED FOR ASSESSMENT PURPOSES.—Section 301 of the Criminal Code has been repealed by the Law of March 10, 1904, amending title 9 of said Code, and the fact that the promissory note had not been declared for assessment purposes is not a bar against an action for the recovery of its value.

The facts are set forth in the opinion.

*Mr. Alvarez Nava,* for appellant.

*Mr. Freire Barbosa,* for respondents.

MR. JUSTICE MACLEARY delivered the opinion of the court.

In the month of April, 1904, Riera Brothers brought suit in the Municipal Court of San Juan against Ignacio Arturo Iglesias and Carmen Iglesias on a promissory note for $70.85, and the unpaid interest thereon.

At the trial Ignacio Arturo Iglesias acknowledged that he had given the note, but claimed that he had paid as interest upon it $2.12 monthly, or at the rate of thirty-six per cent per annum, while the legal rate of six per cent per annum had been agreed upon, and that he had thus paid $20.57 more interest than he should have paid, and that there only remained due $55.15 which he deposited in court to abide the result of the suit.

During the proceedings the defendant prayed for the nullification of the obligation for having collected and stipulated in a new contract for illegal interest, and on the introduction of evidence the defendants produced a certificate from the

Treasurer of Porto Rico to the effect that the plaintiffs had not rendered for assessment in the proper schedule the promissory note for $70.85 upon which suit was brought.

The Municipal Court of San Juan on the 26th of May, 1904, rendered judgment declaring the promissory note to be null and void, and dismissing the suit which was brought for the collection of the same, ordering besides that the deposit be returned to the defendant.

On an appeal to the District Court of San Juan this judgment was reversed on the 23d of September, 1904, the district court commanding that the plaintiff firm should recover of the defendant $70.85, the face value of the promissory note, with interest at the rate of twelve per cent per annum, running from the 27th of February, 1904.

From this judgment of the district court defendant Iglesias, on the 10th of October, 1904, took this appeal. The appellant bases his appeal upon two grounds, which are, (1) That the promissory note being a contract upon which there was collected and stipulated a higher rate of interest than allowed by law is null and void; (2) That suit could not be brought upon a promissory note which was not rendered for assessment in the proper schedule for the payment of the taxes due thereon.

We will examine these propositions in their order. The first plea of usury is based upon section 4 of the law of the Legislative Assembly approved on the 1st of March, 1902, being section 362 of the Revised Statutes of Porto Rico. That section reads as follows:

"Section 4. (362). No persons shall, except as authorized by section 3 of this Act, demand or receive, directly or indirectly, any money or goods, or by way of commission or discount, or in any other way, any greater rate of interst for the loan or forbearance of any money, than the rate provided herein.

"Any contract whereon or whereby directly or indirectly there is reserved, or accepted, or secured, or agreed to be reserved, accepted or secured any greater rate interest than is allowed by this Act,

is utterly void for all purposes; and a court of competent jurisdiction in a proper action may enjoin either the collection thereof, or any proceeding to enforce such contract, and may direct the original of such contract to be made void and the payment of the principal sum, or interest, or any part thereof shall not be required as a condition to granting the remedies last mentioned.'' (Rev. Stat. P. R., page 164.)

It appears that upon the promissory note sued upon no rate of interest is stipulated, but afterwards a letter was written by the defendant to the plaintiff acknowledging himself to be bound to pay interest at the rate of three per cent per month, it being proven that he had paid interest at that rate up to the 20th of February, 1904. It seems clear from the reading of the Act referred to and quoted above, that it is not necessary that the usurious interest should be specified in the document, note or contract, but that any person who demands or receives directly or indirectly, money or goods at a greater rate of interest than twelve per cent per annum violates the law, and that any contract whereby or whereon there is reserved or accepted or secured directly or indirectly any greater rate of interest than twelve per cent per annum is utterly void for all purposes.

It seems to us that a statute which is couched in such plain and intelligible words as the one in regard to usury in Porto Rico needs no construction. It is clearly the intent of the Legislature that the rate of interest in this Island shall be limited to twelve per cent per annum, and that all contracts stipulating a greater rate or on which a greater rate is received, are thereby rendered void for a violation of the law.

The proof in this case being plain that three per cent monthly interest was paid and received, the contract or promissory note upon which such illegal payment of interest was made was thereby rendered null and void, and no suit can be maintained thereon.

In regard to the second point made by the appellant, it is equally clear that the suit instituted on this note which had not been rendered for assessment or taxation could not at the time the suit was brought be maintained. This is plainly set out in section 301 of the Political Code.

But this section was repealed by the Act of the 10th of March, 1904, entitled "An Act to amend Title IX of the Political Code, and for other purposes." (See section 12 of said Act, on page 173 of the Statutes of Porto Rico passed in 1904.) So the second point made by the appellant cannot avail him to reverse the judgment.

For the reasons given above in regard to the usurious interest the judgment of the District Court of San Juan rendered in this case on the 23d day of September, 1904, must be reversed, and the costs of this court, as well as of the court below, taxed against the plaintiffs and respondents herein.

*Reversed.*

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice Wolf did not sit at the hearing in this case.